IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Helen Durbin, *on behalf of herself and others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Foundations Health Solutions, LLC, *et al*,<br><br>Defendant. | CASE NO. 1:22-cv-01719<br><br>MAGISTRATE JUDGE<br>James E. Grimes Jr.<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Helen Durbin filed this action against Foundations Health Solutions, LLC and Foundations Health, LLC (together "Foundations") in September 2022. Doc. 1. She alleged that Foundations violated the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201, and Ohio Revised Code §§ 4111.03 and 4113.15 by failing to pay non-exempt employees in its facilities for all hours worked. *Id.* at 1. After Durbin moved under the then-prevailing standard for conditional certification and court-supervised notice to potential opt-in plaintiffs, the Sixth Circuit issued *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023), which changed the standard for evaluating cases under the Act.

Given the new standard, this Court held a conference with the parties to discuss how to proceed. *See* Docs. 43, 62. At the outset of the conference, the Court asked Durbin's counsel how he thought "we should proceed." Doc. 62, at

4. Counsel offered two options: briefing about how *Clark* "changes what is already before the Court" or "engag[ing] in" a "period of expedited discovery."[1] *Id*. The Court responded that "at a minimum we are going to need additional briefing because" *Clark* changed the relevant standard. *Id*. at 4–5.

The Court then turned to Foundations's counsel, who first agreed that new briefing would be necessary. *Id*. at 5. He then offered three options. Counsel first stated that although the parties had developed a "substantial record[,] … if the parties or if the Court [feels][2] there needs to be discovery done, an expedited [discovery] process seems to be anticipated under" *Clark*, "which we are fine with." *Id*. Counsel then noted that supplemental briefing had already been mentioned as an option, but added as a third option that "Plaintiff [could] renew [her] motion under a new standard with a new briefing" that would include a response from Foundations and a reply from Durbin. *Id*. at 6.

---

[1] In *Clark*, the Court stated that:

> If the plaintiffs in an FLSA suit move for court-approved notice to other employees, the court should waste no time in adjudicating the motion. To that end, a district court may promptly initiate discovery relevant to the motion, including if necessary by "court order."

68 F.4th at 1011.

[2] Certain portions of the transcript omit what is reflected in the Court's recording of the conference. Where relevant, the Court in this order supplies what is missing from the transcript.

2

The Court responded that new briefing would be necessary. The Court also observed that it was unsure whether "discovery [would] be an issue at some point," noting that the parties know their case better than the Court. *Id.* But the Court added that it would be "willing to entertain proposals about what to do about discovery." *Id.* Durbin's counsel responded that although Durbin had not received all discovery responses when she filed her original motion, "[w]e do have responses and the production that we have now." *Id.* Counsel then added:

> I mean, if we wanted to ... take a 30(b)(6), we could. I think that ... we would be in a position to file any motion if the Court would like us to do so.
>
> [And that makes complete sense to us to explain how and] whether we feel we met our burden and support it as we feel appropriate.

*Id.* at 6–7. The Court then solicited the parties' input about a briefing schedule, which it set based on that input. *Id.* at 7.

Under that schedule, Durbin opted to file a motion for court-facilitated notice to potential opt-in plaintiffs. Doc. 50. She supported her motion with 22 exhibits. *See* Docs. 50-1 through 50-22. Durbin did not mention the need for discovery, expedited or otherwise.

Foundations opposed Durbin's motion. Doc. 54.

In late August, the Court denied Durbin's motion. Doc. 59. In that opinion and order, the Court noted that neither party had "moved the Court regarding discovery." *Id.* at 28–29.

3

In short order, Durbin moved for expedited discovery. Doc. 60. In her motion, she asserts that "the Sixth Circuit … advised that district courts 'may promptly initiate discovery relevant to the motion [for notice], including, if necessary, by 'court order.'" *Id.* at 4 (quoting *Clark*, 68 F.4th at 1011). Durbin says that she seeks "narrowly tailored" discovery to "address the gaps that [this] Court identified" when it denied her motion. *Id.* at 7; *see id.* ("given that the Court has defined the relevant aspects of its similarly situated determination, discovery relative to those areas is proper"). She also asserts that even under a heightened standard adopted by the Fifth Circuit, her request would be appropriate. *Id.* at 8.

Foundations opposes Durbin's motion. *See* Doc. 63. It argues that Durbin's motion is designed to harass Foundations and increase its costs. *Id.* at 4. Foundations also notes that Durbin was aware of what *Clark* required before she filed her motion for court-facilitated notice and argues that Durbin could have requested expedited discovery before filing that motion, but chose not to.[3] *Id.*; *see id.* at 8 (acknowledging "that expedited discovery may be appropriate in FLSA collective actions before a plaintiff seeks court-facilitated notice to potential plaintiffs" and asserting that Durbin "declined [that]

---

[3] Foundations asserts that during the June conference, "Durbin represented to the Court that there had already been 'a substantial record developed.'" Doc. 63, at 4 (citing Doc. 62, at 5). The record reflects instead, however, that it was *Foundations's* counsel who said, "there is already a substantial record developed." Doc. 62, at 5.

4

opportunity"). So it says that Durbin is "asking the Court to bail her out and give her another shot." *Id*.

Based these premises, Foundations argues that Durbin's discovery is not proportional to the needs of this case. *Id*. at 5. It asserts that Durbin's proposed discovery is "extraordinarily broad." *Id*. at 6–7. Foundations also argues that when she filed her motion for court-facilitated notice, she must have determined that her counsel's "investigation and declarations and the discovery … was sufficient." *Id*. at 7. It thus accuses Durbin of "want[ing] to turn the clock back several months and have another crack at it." *Id*.; *see id*. at 8 ("The interests of justice and judicial economy do not support permitting Plaintiff a second opportunity for discovery targeted at an issue that this Court has already decided.")

Foundations believes that granting Durbin's motion will inevitably lead to another motion for court-facilitated notice several months from now and the Court and the parties will find themselves in the same situation six months from now. *Id*. at 7–8. And it argues that Durbin's request is not, as she asserts, "narrowly tailored." *Id*. at 9.

In her reply, Durbin says that Foundations is arguing that *Clark* mandates that an FLSA plaintiff should only be allowed to move once for court-facilitated notice. Doc. 65, at 2. Durbin disputes this notion and argues that courts retain discretion on this issue. *Id*. Durbin also contrasts Foundations's failure to cite a decision in the Sixth Circuit where a court denied a second

5

request with her citations to a number of cases in which courts granted a second request. *Id.* at 2–4.

Durbin also disputes Foundations's characterization of the discovery in which the parties have engaged, asserting that discovery has been "very limited." *Id.* at 4.

As to the discussion during the June conference, Durbin's counsel states that he made certain "assumptions" and "reasoned" based on his experience that Durbin could meet the *Clark* standard. *Id.* at 5. Counsel points to decisions in other cases as supporting his assumptions or reasoning. *Id.* at 6. And given these decisions in other cases, "the Court should give little weight to [Durbin's counsel's] statements" during the conference. *Id.*

Durbin's counsel next presents several complaints about Foundations's discovery responses. *Id.* at 7–10. Based on the premise that Foundations's deficient discovery responses hobbled her ability to rebut their arguments, Durbin argues that what Foundations has produced in discovery "cannot and should not be viewed as a substitute for the collective-wide discovery focused on the 'similarly situated' issue recently authorized by the Court and other courts in similar actions." *Id.* at 9–10.

Durbin also disputes Foundations's proportionality argument. *Id.* at 10. She says that "recent opinions from this Court and others within the Sixth Circuit further demonstrate that Named Plaintiff is entitled to collective-wide discovery on the issue of similarity." *Id.* at 10–11. Durbin adds that this Court's

6

determination that she failed to carry her burden was necessarily preliminary. *Id*. at 11–12. And she denies that after her proposed discovery it is inevitable that she'll "move for notice to the same group of employees." *Id*. at 12–13. Finally, she asserts that relying on the evidence that Foundations presented in its opposition would deny her the chance to rebut that evidence and address the deficiencies in her presentation. *Id*. at 13–14.

*Discussion*

The parties agree that the question of whether to grant Durbin's motion is committed to this Court's discretion. *See* Doc. 63, at 4–5; Doc. 65, at 2; *see Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) ("District courts have broad leeway over the discovery process. It takes more than disagreement with a district court's efforts at docket control for an appellate court to reverse."). So the question is how to exercise that discretion. *See Cordell v. Sugar Creek Packing Co.*, No. 2:21-cv-00755, 2023 WL 5918753, at *3 (S.D. Ohio Sept. 11, 2023) ("control over discovery remains within the purview of district courts, whether it is requested before a motion for court-approved notice has been filed or after such a motion is granted").

The initial problem for Durbin is that in her motion she seems to take for granted that—after choosing not to seek expedited discovery despite being presented with the option during the June conference—expedited discovery remains an option after the Court denied her motion for court-facilitated

7

notice. This approach creates the impression that she views her motion for court-facilitated notice as an inconsequential try-out to test the waters.

In this regard—to be clear—the Court would agree that expedited discovery would have been appropriate following the Sixth Circuit's decision in *Clark*. Indeed, the Court and Foundations's counsel were open to that possibility during the conference. But this isn't the first instance. Durbin waited until the Court denied her motion before seeking discovery, which is the opposite of how this process should work.

And some of Durbin's concerns are not well-taken. She complains that Foundations's discovery responses have been deficient and that this deficiency affected her ability to present her motion. The Court is uncertain what to make of the assertions about Foundations's allegedly deficient discovery responses. *See* Doc. 65, at 7–10. For starters, if Foundations's responses were deficient, one is left to wonder why Durbin didn't jump at the chance to seek expedited discovery. One is also left to puzzle why her counsel seemed to suggest during the June conference that the discovery she'd received had been sufficient. *See* Doc. 62, at 6.

Moreover, Durbin didn't mention any issues as to discovery in her briefing related to her motion for court-facilitated notice. Despite what her counsel[4] now claims, she filed her motion for court-facilitated notice, which

---

[4] The assertions in Durbin's motion are not supported by any citation to which the Court could refer. So they amount to counsel's personal claims, which are not evidence.

8

didn't so much as use the word discovery. And although she accuses Foundations of trying "to have their evidence presented to the Court without opportunity for rebuttal," Doc. 65, at 13, her reply to Foundations's opposition—the document in which Foundations presented its evidence—was her chance to rebut Foundations's evidence. But she said nothing in her reply about what her counsel now raises; she didn't say that Foundations's alleged efforts to hide the ball prevented her from rebutting their arguments. And so far as the Court can tell, she's not asking the Court to take any action regarding the problems her counsel mentions.

The Court is mindful, however, that the *Clark* standard and what it entails is new for everyone. And, as Durbin suggests, Doc. 65, at 2–4, courts have denied motions for court-facilitated notice without prejudice and allowed plaintiffs to file renewed motions. *See Smith v. Guidant Glob. Inc.*, No. 19-cv-12318, 2021 WL 3240391, at *1–2, 8 (E.D. Mich. July 30, 2021); *Torres v. Vitale's Italian Rest., Inc.*, No. 1:18-cv-547, 2020 WL 6321481, at *1, 6 (W.D. Mich. Sept. 30, 2020); *Marek v. Toledo Tool & Die Co.*, No. 3:16-cv-3005, 2018 WL 4680551, at *1 (N.D. Ohio Sept. 28, 2018); *see also Boyd v. Schwebel Baking Co.*, No. 4:15-cv-871, 2016 WL 3555351, at *2 (N.D. Ohio June 30, 2016) (renewed motion after withdrawing first motion). Courts have also denied motions for court-facilitated notice and then offered plaintiffs the opportunity to engage in discovery. *Rashad v. Mason's Pro. Cleaning Serv., LLC*, No. 2:22-cv-2635, 2023 WL 5154534, at *4 (W.D. Tenn. Aug. 10, 2023). And

9

Foundations's counsel during the conference acknowledged that "an expedited [discovery] process seems to be anticipated under" *Clark*, and said that "*we are fine with*" that. Doc. 62, at 5 (emphasis added).

So the Court will grant Durbin's motion. But because there is some merit to Foundations's second-bite-at-the-apple argument and because this circumstance is to some extent a product of Durbin's choices, the Court will expedite the schedule to a greater extent than Durbin has requested.

Foundations objects that Durbin's request is not proportional to the needs of the case. Doc. 63, at 5–8. But its objection boils down to the complaint that Durbin should have sought discovery before filing her motion for court-facilitated notice. The Court has already taken account of this concern, however.

Foundations also asserts that Durbin's proposed discovery is "extraordinarily broad." *Id.* at 6–7. But although it points to examples of these "extremely broad discovery requests," *id.* at 6–7, it doesn't specify what's overly broad about the requests. And what might be overly broad is not immediately apparent. *Cf. Cordell*, 2023 WL 5918753, at *5–6 ("provid[ing] observations on three specific disputes raised by the parties about the scope of discovery").

Foundations does not address the specifics of Durbin's requested order. *See* Doc. 60, at 6–10. That proposed order is addressed below.

*Discovery issues*

Durbin raised concerns about discovery in her reply. But raising concerns about discovery in a reply to an opposition does not preserve any issue as to discovery and is an inappropriate manner in which to present a discovery dispute to the Court. To the extent that the parties have a potential discovery dispute, the Court expects them to engage in a meaningful, good faith meet-and-confer process and attempt to resolve their dispute. *See* Local R. 37.1; Doc. 62, at 13. The Court will not consider or adjudicate a discovery dispute unless the parties have complied with this requirement.

*Rule 26(f) report*

During the June conference, the Court and the parties discussed the need for a new Rule 26(f) report. *See* Doc. 62, at 11, 16. The parties must submit a new Rule 26(f) report within 10 days of this order.

*Conclusion*

As modified, Durbin's motion is granted. The deadline "for completing discovery regarding whether Named Plaintiff and Potential Plaintiffs are 'similarly situated' for purposes of issuing notice" is *60* days from the date of this order. Doc. 60, at 6.

Within 15 days, Foundations must produce:

> (a) the names, dates of employment, location(s) of employment, last-known mailing addresses, mobile telephone numbers, and personal email addresses for all current and former hourly, non-exempt direct care employees of Foundations who worked 40 or

11

>more hours in any workweek from November 22, 2019, to the present; and
>
>(b) timekeeping and payroll records for Named Plaintiff, the current opt-in plaintiffs, and the *Potential Plaintiffs* from November 22, 2019 to the present.[5]

Doc. 60, at 6. Within 30 days, Foundations must respond to Plaintiff's Discovery Requests for Notice. *Id*. Plaintiff may file a renewed motion for the facilitation of court-supervised notice to potential plaintiffs within 90 days of the date of this order. *Id*. at 7. The parties will participate in a status conference at 11:00 a.m., on Thursday, October 19, 2023.[6]

Dated: September 29, 2023

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

---

[5] Durbin says that "potential plaintiffs include … non-exempt direct care employees," which she further defines as "those employees who provide direct care to Foundations's nursing home residents, *including but not limited to* Licensed Practical Nurses ("LPNs"), Registered Nurses, therapists, therapist assistants, phlebotomists, and aides but excludes State Tested Nursing Assistants." Doc. 60, at 1 & n.1 (emphasis added). Because Durbin's definition is open ended and provides insufficient guidance to Foundations, this order defines non-exempt direct care employees and thus *potential plaintiffs* as only those types of professionals who Durbin has specifically named: licensed practical nurses, registered nurses, therapists, therapist assistants, phlebotomists, and aides.

[6] Durbin also seeks an order that "Named Plaintiff may take a Rule 30(b)(6) deposition on topics related to the Court's similarly situated inquiry and depositions of all declarants who submitted sworn statements in support of [Foundations's] filings opposing Named Plaintiff's request for notice." Doc. 60, at 7. But she hasn't explained why she would need a court order to take a deposition under Rule 30(b)(6). And to the extent her proposal would result in her taking more than 10 depositions, she hasn't sought leave to do so or explained whether the parties have stipulated to her taking more than 10 depositions. *See* Fed. R. Civ. P. 30(a).