# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | | |
|---|---|---|
| **HELEN DURBIN**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 1:22-cv-1719** |
| v. | : : : | **MAGISTRATE JUDGE JAMES E. GRIMES JR.** |
| **FOUNDATIONS HEALTH SOLUTIONS, LLC**, *et al.*, | : : : : | |
| Defendants. | : | |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Helen Durbin ("Representative Plaintiff") and Defendants Foundations Health Solutions, LLC and Foundations Health, LLC (collectively "Defendants") (collectively, Representative Plaintiff and Defendants referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement") and Exhibit A – List of Opt-In Plaintiffs;

**Exhibit 2**: Proposed Notice of Settlement of Collective Action Lawsuit;

**Exhibit 3**: Declaration of Matthew J.P. Coffman ("Coffman Decl."); and

**Exhibit 4**: Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve their FLSA settlement and dismiss this case with prejudice.

Respectfully Submitted,

| **COFFMAN LEGAL, LLC** | **ROLF GOFFMAN MARTIN LANG LLP** |
|---|---|
| */s/ Adam C. Gedling* | */s/ Christopher G. Kuhn* |
| Matthew J.P. Coffman (0085586) | Robert C. Pivonka (0067311) |
| Adam C. Gedling (0085256) | Christopher G. Kuhn (0082822) |
| Kelsie N. Hendren (0100041) | 31105 Bainbridge Road, Suite 4 |
| Tristan T. Akers (0102298) | Cleveland, Ohio 44139 |
| 1550 Old Henderson Rd. | (216) 514-1100 (Telephone) |
| Suite #126 | (216) 682-2130 (Facsimile) |
| Columbus, Ohio 43220 | Kuhn@RolfLaw.com |
| Telephone: (614) 949-1181 | Pivonka@RolfLaw.com |
| Facsimile: (614) 386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | *Counsel for Defendants* |
|       agedling@mcoffmanlegal.com | |
|       khendren@mcoffmanlegal.com | |
|       takers@mcoffmanlegal.com | |

*Counsel for Representative Plaintiff and those similarly situated*

## MEMORANDUM IN SUPPORT

I.  **FACTUAL AND PROCEDURAL BACKGROUND.**

    A.  **Summary of the Claims and Defenses**

Representative Plaintiff filed this case on behalf of herself and others similarly situated on September 26, 2022 (the "Action"). In the Action, Representative Plaintiff asserts claims against Defendants under the FLSA and Ohio law. Decl. of Matthew J.P. Coffman, attached as **Exhibit 3**, ¶¶ 10-11. Specifically, Representative Plaintiff alleges that Defendants failed to pay her and other similarly situated direct care employees all overtime because they applied meal break deductions when these employees did not receive bona fide meal periods. Defendants deny these allegations and maintain that they properly compensated all employees at all relevant times. After conducting some discovery, the Parties mediated this issue with a well-respected mediator, Jerome F. Weiss. *Id.*, ¶¶ 13-14. The Parties were successful at reaching a negotiated settlement after a full-day mediation. *Id.*

    B.  **Summary of Key Settlement Terms**

The total settlement amount is $250,000.00 (the "Global Settlement Fund"). This amount includes: (a) all individual payments to the Plaintiffs; (b) a Service Award to Representative Plaintiff; (c) Plaintiffs' Counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration (the overall settlement reached by the Parties, as memorialized in the Agreement, is referred to herein as the "Settlement"). *Id.*, ¶ 15.

If the Court approves the Settlement, then a Notice of Settlement of Collective Action Lawsuit (i.e., **Exhibit 2**) and respective settlement award payment will be sent to Representative Plaintiff and all other Opt-In Plaintiffs who joined the Action (collectively, Representative Plaintiffs and Opt-In Plaintiffs are referred to as "Plaintiffs"). In exchange for the Settlement and other consideration provided for in the Agreement, this Action will be dismissed with prejudice,

and the Plaintiffs will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, costs, expenses, penalties, interest, settlement administration costs, and service awards. Coffman Decl., Ex. 3, ¶ 15.

In addition to the settlement payments to Plaintiffs, the Agreement also calls for a payment to Representative Plaintiff of $5,000 in recognition of her service to the collective for which she will execute a general release of claims in favor of Defendants. The Agreement also allows for payment to Plaintiffs' Counsel of one-third (1/3) of the Global Settlement Fund for attorneys' fees and $14,073.93 for reimbursement of its litigation expenses incurred in prosecuting this Action, subject to this Court's approval. *Id.*, ¶¶ 17-18.

## II.     PROPRIETY OF APPROVAL OF THE SETTLEMENT

### A.     The Overall Settlement Is Fair, Reasonable, and Adequate.

The court presiding over the settlement of an FLSA collective action must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours and overtime." *Lansbury v. City of Ashtabula, Ohio*, No. 1:23-CV-01937, 2024 WL 1742380, at *1 (N.D. Ohio Apr. 18, 2024) (Greenberg, M.J.) (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010)) (quotation marks omitted). A district court looks to the following factors in determining whether a collective action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public interest.

*Reitz v. Laurel Lake Ret. Cmty., Inc.*, No. 5:21-cv-2259, 2024 WL 1514549, at *1 (N.D. Ohio Apr. 8, 2024) (Lioi, C.J.). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019) (Gaughan, J.) (quoting *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Application of these principles to this Settlement demonstrates that approval of the Parties' Settlement is warranted.

    1.    *No indicia of fraud or collusion exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (Lioi, J.) (internal quotation marks and further citation omitted). Here, the Agreement was achieved only after arms'-length and good faith negotiations between the Parties and after each Party had the opportunity to evaluate Defendants' time and payroll data to determine the potential damages at issue if this case were to continue. The Agreement was reached with the assistance of an independent and experienced mediator, Jerome W. Weiss, and "[t]he participation of an independent mediator in the settlement negotiations virtually insures [sic] that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007). As such, because there is no indicia of fraud or collusion, this factor favors approval of the Settlement.

    2.    *The complexity, expense, and likely duration of continued litigation favor approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."). Moreover, the Parties disagree over the merits of Plaintiffs' claims, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and it amplifies the benefits of that relief through the economies of class/collective resolution. Coffman Decl., Ex. 3, ¶¶ 21-23.

3. *Investigation was sufficient to allow the parties to act intelligently.*

The Parties engaged in substantial investigation before negotiating the Settlement. Written discovery was exchanged, the Representative Plaintiff was deposed, and Defendants produced substantial data and documents. Coffman Decl., Ex. 3, ¶ 13. In addition, Plaintiffs engaged a consultant to review those records and create a damages model. *Id.* As such, the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed them to negotiate a settlement based on facts and data. *Id.*

Additionally, the Parties' counsel thoroughly researched the legal and factual issues in the case, and both sides understand all aspects of the dispute.

4. *The risks of litigation favor approval.*

Counsel for both sides believe in the merits of its respective clients' position while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Plaintiffs could receive no compensation, or if they do receive any compensation, it will be only after protracted litigation. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent litigation risks and achieve finality on this matter. This factor favors approval of the Settlement. *Lansbury*, 2024 WL 1742380, at *2 ("Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue.").

5. *Plaintiffs' Counsel's recommendation favors approval.*

Counsel for each respective Party is experienced in wage-and-hour collective and class actions, has acted in good faith, and has represented its clients' best interests in reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable and in the best interest of Plaintiffs, as described in the Declaration of Matthew J.P. Coffman. Coffman Decl., Ex. 3, ¶ 20. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *5 (S.D. Ohio Aug. 17, 2018); *see also Williams v. CG-HHC, Inc.* No. 5:22-cv-1003, 2024 WL 1514587, at *3 (N.D. Ohio Apr. 8, 2024) (Lioi, C.J.) ("The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement fairly accounts for the compensation alleged to be owed

to the plaintiffs . . . . The Court agrees with counsel.") Accordingly, this factor favors approval of the Settlement. In addition, the Settlement was recommended by a third-party neutral, Jerome F. Weiss.

      6.      *The reaction of absent class members favors approval.*

If the Court approves the Settlement, the Plaintiffs will receive a settlement award payment that in the Parties' Counsel's opinion is fair and reasonable and recommended by the mediator. Plaintiffs' Counsel has not received any indication that any of the Plaintiffs would have an objection to this Settlement. Coffman Decl., Ex. 3, ¶ 20.

      7.      *The public interest favors approval.*

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

    **B.**    **The Settlement Distributions Are Fair, Reasonable, and Adequate.**

As a part of the scrutiny that it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for the Plaintiffs.

1. *The individual payments are reasonable and adequate.*

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis based on the amount of alleged unpaid overtime owed to Plaintiffs as calculated by Plaintiffs' Counsel. "This ensures an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly v. Airstream, Inc.*, No. 3:19-cv-107, 2020 WL 6536342, at *8 (S.D. Ohio Sept. 25, 2020). As such, each Plaintiff will receive over 80% of their alleged meal break damages assuming they could not take two (2) bona fide meal periods per week when they worked 40 or more hours when a meal break deduction was applied. Coffman Decl., Ex. 3, ¶ 16.

2. *Representative Plaintiff's service award is proper and reasonable.*

The Settlement provides for a service award of $5,000 to Representative Plaintiff in addition to her individual settlement payment. Courts routinely approve service awards to representative plaintiffs in class and collective action litigation because they "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Ulm v. Artemis Care LLC*, No. 5:23-cv-214, 2024 WL 149755, at *3 (N.D. Ohio Jan. 12, 2024) (Lioi, C.J.).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information, which enabled Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter that, in Plaintiffs' Counsel's opinion, fairly and adequately compensates

the collective for alleged unpaid wages. As such, the time and efforts that Representative Plaintiff provided supports the requested service payment. Coffman Decl., Ex. 3, ¶ 17.

### 3. *The attorneys' fees to Plaintiffs' Counsel are proper and reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of $83,333.33, which represents one-third (1/3) of the settlement fund. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010) (O'Malley, J.).

This conclusion was recently reiterated in *Harsh v. Kalida Manufacturing*. No. 3:18-cv-2239, 2021 WL 4145720 (N.D. Ohio Sept. 13, 2021) (Helmick, J.). In *Harsh*, the Court held that

while a court can utilize either the percentage-of-the-fund or the lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *8. The Court further noted that the lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question" because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* In contrast, in cases involving a common settlement fund, the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third (1/3) of the fund. *Id.*

"In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *DeNiro v. New Creation Landscaping LLC*, No. 5:23-cv-1840, 2024 WL 112153, at *2 (N.D. Ohio Jan. 10, 2024) (Lioi, C.J.) (quoting *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) (Gwin, J.); *see Santos v. Agave & Rye Ltd. Liab. Co.*, No. 3:23-cv-00969, 2023 WL 8791347, at *2 (N.D. Ohio Dec. 14, 2023) (Knepp, J.); *Harsh*, 2021 WL 4145720, at *8. This requested attorneys' fees amount "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (citing *Carr*, 2018 WL 7508650, at *4; *see also Barnes*, 2019 WL 1614822, at *5 (stating same).

Furthermore, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of

recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Inspection Servs., Inc.*, No/ 2:15-cv-2959, 2019 WL 6485159, at *7 (S.D. Ohio Dec. 3, 2019).

        4.    *The Court should authorize reimbursement to Plaintiffs' Counsel of its out-of-pocket expenses incurred in this case.*

Plaintiffs' Counsel should also be reimbursed for its out-of-pocket expenses and costs in the amount of $14,073.93. Coffman Decl., Ex. 3, ¶ 18. "Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

## III. CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorneys' fees and expenses; (3) approve the requested service payments; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

| **COFFMAN LEGAL, LLC** | **ROLF GOFFMAN MARTIN LANG LLP** |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Christopher G. Kuhn* |
| Matthew J.P. Coffman (0085586) | Robert C. Pivonka (0067311) |
| Adam C. Gedling (0085256) | Christopher G. Kuhn (0082822) |
| Kelsie N. Hendren (0100041) | 31105 Bainbridge Road, Suite 4 |
| Tristan T. Akers (0102298) | Cleveland, Ohio 44139 |
| 1550 Old Henderson Rd. | (216) 514-1100 (Telephone) |
| Suite #126 | (216) 682-2130 (Facsimile) |
| Columbus, Ohio 43220 | Kuhn@RolfLaw.com |
| Telephone: (614) 949-1181 | Pivonka@RolfLaw.com |
| Facsimile: (614) 386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | *Counsel for Defendants* |
| agedling@mcoffmanlegal.com | |
| khendren@mcoffmanlegal.com | |
| takers@mcoffmanlegal.com | |

*Counsel for Representative Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2024, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

*/s/ Adam C. Gedling*
Adam C. Gedling