# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **HELEN DURBIN**, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : **CASE NO. 1:22-cv-1719** : |
| v. | : **MAGISTRATE JUDGE** : **JAMES E. GRIMES JR.** |
| **FOUNDATIONS HEALTH SOLUTIONS, LLC**, *et al.*, | : : : |
| Defendants. | : : |

## ORDER

Plaintiff Helen Durbin ("Representative Plaintiff") and Defendants Foundations Health Solutions, LLC and Foundations Health, LLC (collectively "Defendants") (collectively, Representative Plaintiff and Defendants referred to as the "Parties") have moved the Court for approval of their collective action settlement. ECF No. 97.

Having reviewed the settlement, as well as the Parties' Joint Motion for Approval of Collective Action Settlement, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, this Court hereby enters this Order granting approval as follows:

1. On September 26, 2022, Plaintiff filed her Complaint on behalf of herself and others similarly situated. ECF No. 1. The Complaint was amended once. ECF No. 75. Plaintiff alleged that Defendants violated the Fair Labor Standards Act by failing to pay her and other similarly situated direct care employees for all hours worked, resulting in unpaid overtime. *Id.* Specifically, Plaintiff alleged that she and other direct care employees were not paid overtime for all hours

worked because of missed or interrupted meal periods. *Id.* Defendants deny these allegations and maintain that they properly compensated all employees at all relevant times.

2. On October 17, 2023, the Court granted the Parties' Joint Stipulation and Motion to Facilitate Notice to Other Similarly Situated Employees and to Approve the Parties' Proposed Notice and Consent. ECF No. 74. This Court directed that the notice and consent be issued by mail and email. *Id.*

3. Notice was issued and approximately 195 employees joined this case.

4. The Parties agreed to mediate with a neutral third-party mediator.

5. Prior to the mediation, Defendants produced documents and data, including pay and time records.

6. On April 18, 2023, the Parties attended mediation and engaged in arms-length settlement negotiations that were well-informed by a damages analysis. The Parties were able to come to a negotiated settlement after a full-day mediation session.

7. The settlement resolves all federal and state wage and hour claims for current and former employees of Defendants who joined this case pursuant to Section 16(b) of the FLSA (the "FLSA Collective").

8. The Parties filed a Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice on May 28, 2024. ECF No. 97.

9. Having reviewed the settlement and Joint Motion, this Court approves, as fair and reasonable, the settlement of this Action, with claims made pursuant to 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's length negotiations between experienced counsel after substantial investigation and a full day of mediation before third-party neutral, Jerome Weiss. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and

adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of counsel; and (6) the public interest. *Lansbury v. City of Ashtabula, Ohio*, No. 23-cv-1937, 2024 WL 1742380, at *1–2 (N.D. Ohio Apr. 18, 2024); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 722–28 (E.D. La. 2000); *see Schneider v. Goodyear Tire & Rubber Co.*, No. 13-cv-741, 2014 WL 2579637, at *2 n.1 (N.D. Ohio June 9, 2014)

10. This Court approves the Notice of Settlement of Collective Action Lawsuit proposed by the Parties and orders that it be distributed to members of the FLSA Collective.

11. The Court approves the settlement and orders that it be implemented according to its terms and conditions.

12. The Court orders that payments be distributed to the FLSA Collective as described in the settlement agreement. The total settlement payment, after deduction of the service award to Representative Plaintiff, attorneys' fees, and litigation reimbursements to Plaintiffs' Counsel, is to be distributed to Representative Plaintiff and members of the FLSA Collective, which are calculated proportionally based on each individual's alleged overtime damages.

13. The Court approves the Service Award to Representative Plaintiff and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the settlement.

14. The Court approves the payment of attorneys' fees and costs as provided in the settlement and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the settlement.

15. Representative Plaintiff and each of the members of the FLSA Collective release claims against Defendants as provided in the settlement.

16. The Court dismisses this action with prejudice and enters final judgment.

17. The Court retains jurisdiction over this Action for the purpose of enforcing the settlement. There being no just reason to delay entry of this Order, the Court orders the Clerk of the Court to enter this Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this 31st day of May 2024.

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
United States Magistrate Judge